IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr229

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> vs. ) <br> ) <br> LATRIES GEORGE (2) ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court upon defendant George's motion for severance from his co-defendant and his opposition to his co-defendant's motion to continue, (Doc. No. 23), to which the government has responded, (Doc. No. 25). For the reasons stated below, the Court will deny the motion.

I.   BACKGROUND

George and his co-defendant Terrelonge were indicted on December 15, 2009, for allegedly conspiring to commit an armed bank robbery on October 1, 2009. (Doc. No. 1: Indictment: Counts One, Two, and Three). George moved to continue the February 2010 trial to April 2010, (Doc. No. 13), which the Court granted, (Doc. No. 14). In the meantime, the grand jury returned a superseding indictment charging Terrelonge with two bank robberies allegedly committed on June 5, 2007, and August 20, 2009. (Doc. No. 15 at Counts Four through Seven). George again moved to continue the trial from April to June, (Doc. No. 17), which the Court granted, (Doc. No. 18). Terrelonge has now moved for a continuance based on a magistrate judge's order, (Doc. No. 22), that he be evaluated for competency. (Doc. No. 28).

II.   LEGAL DISCUSSION

   A.   Severance of Bank Robbery Counts

The defendant claims that he should be tried separately from Terrelonge because Terrelonge allegedly made statements to police officer implicating George. Thus, the

introduction of the statement in a joint trial would violate the rule in Bruton v. United States, 391 U.S. 123 (1968). Additionally, George claims he will be unfairly prejudiced in a joint trial by the introduction of evidence of bank robberies with which he is not charged.

Rule 8(a) of the Federal Rules of Criminal Procedure permits joinder of offenses when a defendant is charged in multiple counts for acts of similar character or in a common scheme. Rule 8(b) permits joinder of defendants if they are alleged to have participated in an offense together, although the rule recognizes that "[a]ll defendants need not be charged in each count." Here, the indictment includes charges against Terrelonge for a series of three offenses of similar character, one of which he allegedly committed with George. (Doc. No. 15). The Fourth Circuit has held that when charges stem from a series of acts, a defendant may be joined who did not participate in every act in the series. Santoni v. United States, 585 F.2d 667, 675 (4th Cir. 1978).

Rule 14 provides for the severance of defendants' trials where joinder causes prejudice. However, the well-established rule is that, barring special circumstances, that defendants who are indicted together are tried together, United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981), especially in conspiracy cases, United States v. Harris, 498 F.3d 278, 291 (4th Cir. 2007). Thus, a defendant must show a serious risk that a joint trial would compromise a specific trial right, or that a jury would be prevented from making a reliable judgment about guilt or innocence. Zafiro v. United States, 506 U.S. 534, 539 (1993); Harris, 498 F.3d at 291. The risk of prejudice is neutralized with a proper instruction that the jury consider each charge separately. United States v. Cardwell, 433 F.3d 378, 388 (4th Cir. 2005). This is true even when damaging evidence is admitted against one defendant only. Harris, 498 F.3d at 291-292.

Here, George asserts that the introduction of Terrelonge's statement to police at a joint trial would violate his rights under the Confrontation Clause, relying on Bruton v. United States,

391 U.S. 123 (1968), and other cases. (Doc. No. 23: Motion at 2). The government responds that the statement can be redacted to avoid any reference to George's alleged involvement as the getaway driver. (Doc. No. 25: Response at 5). Accordingly, introduction of the redacted statement in a joint trial with a limiting instruction would not violate Geroge's Fifth Amendment rights. Richardson v. Marsh, 481 U.S. 200, 211 (1987). Therefore, a separate trial is not required.

The Court further finds that George has not established a serious risk that the jury will not be able to return a reliable verdict if the defendants and the offenses are tried together. The defendant has not alleged any special circumstances that make this case any different from others where defendants were properly joined and did not all participate in the same acts. The Court intends to instruct the jury to consider the evidence regarding each count and each defendant separately. Thus, any risk of prejudice of a joint trial will be neutralized by a jury instruction, which juries are presumed to follow. Cardwell, 433 F.3d at 388.

B.   Motion to Continue

Although he twice previously requested and received continuances of the trial date, George opposes his co-defendant's first request for a continuance. (Doc. No. 23: Motion at 6). The Speedy Trial Act permits reasonable delay when a defendant is joined with a co-defendant for whom the time for trial has not run and no severance has been granted. 18 U.S.C. § 3161(h)(6). Here, the Court has found that George has not established that a severance is justified. His co-defendant has properly moved for a continuance, (Doc. No. 28), based on a pending examination to determine mental competency. 18 U.S.C. § 3161(h)(1)(A). Therefore, George's rights under the Speedy Trial Act are not implicated by granting Terrelonge's motion to continue.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 23), is DENIED.

The Clerk is directed to certify copies of this order to the defendants, counsel for the defendants, and to the United States Attorney.

Signed: June 1, 2010

Robert J. Conrad, Jr.
Chief United States District Judge